**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| LELIA CARDELLIA MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil No. 16-2945(RMB) <br><br> **OPINION** |

**BUMB, United States District Judge:**

This matter comes before the Court upon the filing of a motion by the Commissioner of Social Security (the "Commissioner"), [Dkt. No. 14], seeking the dismissal of Plaintiff Lelia Cardellia Martin's ("Plaintiff") appeal of the Commissioner's decision denying Plaintiff social security benefits as untimely, and the Court's issuance of three Orders to Show Cause concerning the timeliness of Plaintiff's appeal. [Dkt. Nos. 17, 21, 27]. For the following reasons, the Court will GRANT the Commissioner's motion and DISMISS Plaintiff's appeal.

**I.  Background**

Plaintiff applied in June 2012 for social security disability benefits and supplemental security income under

Titles II and XVI of the Social Security Act. The Commissioner denied Plaintiff's claims. Plaintiff requested a hearing, and on November 10, 2014, an Administrative Law Judge ("ALJ") issued a decision denying her claims. Plaintiff then requested an Appeals Council review of the ALJ's decision, and on December 17, 2015, the Appeals Council mailed its denial notice to Plaintiff at 17 E. Greenwood Avenue, Oaklyn, New Jersey 08107. The denial notice informed Plaintiff of her right to commence a civil action within 60 days from the date of receipt of the notice. On February 19, 2016, Plaintiff requested an extension of time to file a civil action, which was granted by the Appeals Council On March 31, 2016. Plaintiff was given an extension of thirty (30) days from the date of receipt, or until May 5, 2016, to commence a civil action. Plaintiff filed her complaint [Dkt. No. 1] on May 24, 2016, 19 days after her extended deadline had passed.

On January 18, 2017, the Commissioner filed the currently pending motion to dismiss, arguing for dismissal of Plaintiff's Complaint on the bases that (1) the Complaint was untimely filed and (2) there were no circumstances in this case that justify equitably tolling the limitation period. Plaintiff responded by letter on January 23, 2017, but did not address the arguments made by the Commissioner in the motion to dismiss.

On August 18, 2017, the Court ordered Plaintiff to show cause, by September 1, 2017, why her case should not be

dismissed as untimely for failure to meet the extended deadline for commencement of her civil action. [Dkt. No. 17]. Plaintiff responded on August 31, 2017, but did not address the reasons why she failed to timely file her appeal.[1] [Dkt. No. 18]. Finding Plaintiff's response insufficient, the Court issued a second Order on September 20, 2017, requiring Plaintiff to show cause why the case should not be dismissed as untimely, and specifically indicating to Plaintiff that "her response must set forth why she missed the extended deadline for filing this action, not that she may need medical attention." [Dkt. No. 21]. Plaintiff timely responded by letter, detailing her troubled past and her need for psychiatric treatment, but again failed to address why her appeal was untimely filed.[2] [Dkt. No. 22].

On October 24, 2017, the Court ordered that the Commissioner respond to Plaintiff's submissions and advise the Court whether the Commissioner continued to seek the dismissal of Plaintiff's appeal on the basis of untimeliness. The

---

[1] On September 19, 2017, Plaintiff filed a letter to which she appended a note from Dr. Steven Santangelo, D.O., indicating that Plaintiff was under Dr. Santangelo's care. [Dkt. No 20]. This letter, however, did not provide any justification for Plaintiff's failure to timely file her appeal.
[2] On October 18, 2017, Kimberly Zeuggin, a mental health therapist from the Community Counseling Center of Moorestown, submitted a letter to the Court indicating that Plaintiff was under her care for a number of mental impairments. [Dkt. No. 23]. Like the letter from Dr. Santangelo, however, Ms. Zeuggin's letter did not indicate a reason why Plaintiff could not have timely filed her appeal.

3

Commissioner responded by letter dated October 25, 2017, indicating that the Social Security Administration's position was unchanged because Plaintiff had not responded to "the pertinent issue at hand, why she failed [to] timely file her Complaint." [Dkt. No. 25]. Plaintiff filed a letter on November 20, 2017 indicating that she had not received the Commissioner's response. To ensure that Plaintiff was given every opportunity to assert her claim, the Court issued a third Order on November 21, 2017, providing Plaintiff another opportunity to explain to the Court why she failed to meet her extended deadline.[3]

In her response to the Court's Order, Plaintiff argued that she was prevented, under "extraordinary circumstances," from "asserting [her] rights to file [her] appeal." [Dkt. No. 29]. The circumstances identified by Plaintiff were (1) her disabilities; (2) the need to take care of her ailing son; and (3) that she "spoke to an agent at Social Security Administration Office [sic] regarding [her] paperwork and was told 'that they had received it and it was being reviewed.'" [Id.] The Court again ordered the Commissioner to respond, and on December 11, 2017, the Commissioner filed a letter again asserting that Plaintiff had failed to set forth a legally sufficient excuse for the untimely filing of her appeal.

---

[3] The Court further ordered that the Clerk of the Court send a copy of its Order to Plaintiff at her home address by First Class Mail and Certified Mail Return Receipt Requested.

4

## II. Discussion[4]

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). By regulation, the Commissioner has determined that the 60-day period commences on the date a claimant receives the Appeals Council's final denial letter. See 20 C.F.R. § 422.210(c). The notice of the final decision is presumed to have been received by the claimant five days after the date of the notice, unless there is a "reasonable showing to the contrary." Id.

The 60-day appeal period constitutes a statute of limitations. Kramer v. Commissioner of Social Sec., 461 Fed.

---

[4] Although the Commissioner does not identify the Federal Rule of Civil Procedure under which this motion is brought, because the premise of the motion is that the Complaint should be dismissed because it was not timely filed and is barred by the applicable statute of limitations, the Court will construe it as one under Fed. R. Civ. P. 12(b)(6). See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)("In . . . [the Third] [C]ircuit we permit a limitations defense to be raised by a motion under Rule 12(b)(6) 'only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.''") (citing Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002))(quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

Appx. 167, 169 (3d Cir. 2012) (citing Bowen v. City of New York, 476 U.S. 467, 478 (1986)). Moreover, because it constitutes a condition on the waiver of sovereign immunity, its application must be "strictly construed." Bowen, 476 U.S. at 479. Under certain circumstances, however, the 60-day period of limitation may be tolled, as exemplified by § 405(g). See id. at 480 ("Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases."); 42 U.S.C. § 405(g) ("or within such further time as the Commissioner of Social Security may allow."). Moreover, pursuant to the doctrine of equitable tolling, the Court has the authority to extend the period for filing a social security appeal. See Bowen, 476 U.S. at 480.

There are three principal situations in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Equitable tolling is "to be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) ("Procedural

requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of . . . sympathy for particular litigants")). The plaintiff bears the "burden of establishing the equitable tolling exception." Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997).

Because Plaintiff is proceeding pro se, and because Plaintiff's underlying social security case centers around, at least in part, her mental impairments, the Court attempted to afford her every opportunity to justify the untimely filing of her appeal. As detailed above, after Plaintiff insufficiently responded to the Commissioner's motion, the Court issued three Orders to Show Cause, affording Plaintiff ample opportunity to justify her untimely filing. In response to the motion and each of the Orders, Plaintiff addressed her underlying disability claim, but did not provide a legal justification for filing her appeal after the extended deadline beyond mere generalities. Nor did Plaintiff provide any reason why she was unable to request a second extension from the Commissioner. Accordingly, Plaintiff has not met her burden of establishing that equitable tolling applies, and her Complaint will be dismissed as untimely.

### III. Conclusion

For the foregoing reasons, the Commissioner's motion to dismiss is GRANTED, and Plaintiff's Complaint is dismissed. An accompanying Order shall issue on this date.

_s/_Renee Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

DATED: April 9, 2018